In The

# United States Court of Appeals

### For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee*,

## v.

## BOBBIE LYNN PEREZ, a/k/a Bobbie Lynn Wallace,

*Defendant – Appellant*.

## ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH CAROLINA AT NEW BERN

_____

## BRIEF OF APPELLANT

_____

Jane C. Norman
BOND & NORMAN
777 6th Street, NW, Suite 410
Washington, DC 20001
(202) 423-3863

*Counsel for Appellant*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................... iii

STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION ........................................................1

STATEMENT OF ISSUES ........................................................................1

STATEMENT OF THE CASE....................................................................2

STATEMENT OF FACTS ..........................................................................4

SUMMARY OF ARGUMENT ...................................................................4

ARGUMENT .............................................................................................5

    I.     THE DISTRICT COURT ERRED IN NOT GIVING NOTICE
         TO APPELLANT ABOUT A PLANNED UPWARD
         DEPARTURE ..................................................................................5

         A.    Standard of Review ................................................................5

         B.    Argument ................................................................................6

    II.    THE DISTRICT COURT ABUSED ITS DISCRETION IN
         IMPOSING AN UPWARDS DEPARTURE TWICE THE
         UPPER GUIDELINE RANGE WITHOUT DETAILED
         JUSTIFICATION ..........................................................................8

         A.    Standard of Review ................................................................8

         B.    Argument ................................................................................9

III.    MONEY RECEIVED FROM THE ADOPTIVE PARENTS SHOULD NOT HAVE BEEN INCLUDED IN THE LOSS CALCULATION FOR GUIDELINE PURPOSES ............................12

       A.    Standard of Review ..................................................................12

       B.    Argument ................................................................................12

CONCLUSION ...............................................................................................13

STATEMENT AS TO ORAL ARGUMENT ..........................................................14

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Burns v. United States*,
    501 U.S. 129, 111 S. Ct. 2182, 115 L. Ed. 2d 123 (1991) ..........................6, 7

*Gall v. United States*,
    552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007) ..............................5, 8

*United States v. Booker*,
    543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) ................................9

*United States v. Carter*,
    564 F.3d 325 (4th Cir. 2009) ...........................................................................5

*United States v. Collington*,
    461 F.3d 805 (6th Cir. 2006)..........................................................................10

*United States v. Dalton*,
    477 F.3d 195 (4th Cir. 2007) .....................................................................9, 10

*United States v. Eura*,
    440 F.3d 625 (4th Cir. 2006) ...........................................................................9

*United States v. Fancher*,
    513 F.3d 424 (4th Cir. 2008) ...................................................................6, 7, 8

*United States v. Layton*,
    564 F.3d 330 (4th Cir. 2009), *cert. denied*,
    2009 U.S. LEXIS 6486 (2009) .................................................................. 8-9

*United States v. Savillon-Matute*,
    636 F.3d 119 (4th Cir. 2011) ...........................................................................5

**CONSTITUTIONAL PROVISION**

U.S. CONST. amend. V..................................................................................4

**STATUTES**

18 U.S.C. § 1341 ...............................................................................2, 4

18 U.S.C. § 1343 ...............................................................................2, 4

18 U.S.C. § 3553(a) ...................................................................9, 10, 12

28 U.S.C. § 1291 ...................................................................................1

**RULES**

Fed. R. App. P. 3a(1) .............................................................................1

Fed. R. App. P. 4(b)(1)(A)(i) ................................................................1

Fed. R. Crim. P. 32................................................................................7

Fed. R. Crim. P. 32(h)........................................................................6, 7

Fed. R. Crim. P. 32(a)(1) ......................................................................7

**GUIDELINES**

U.S.S.G. § 2B1.1(b)(1) ........................................................................13

U.S.S.G. § 3553(a)(6) ............................................................................9

U.S.S.G. § 4A1.3...................................................................................9

U.S.S.G. § 5H1.3.................................................................................12

U.S.S.G. § 5H1.4.................................................................................11

**OTHER AUTHORITY**

*Fourth Circuit Criminal Handbook*, Carl Horn, 2011 Ed. ........................................6

**STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION**

This appeal arises from the guilty plea and subsequent sentencing of Appellant Bobbie Lynn Perez in Criminal Case Number 10-Cr-396-1FL in the United States District Court for the Eastern District of North Carolina before the Honorable Louise W. Flanagan. Final Judgment was entered on April 2, 2012 and a timely notice of appeal was filed as of right on April 11, 2012. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1291which grants jurisdiction of appeals from all final decisions of district courts to the United States Courts of Appeals. This Court has appellate jurisdiction pursuant to F.R.A.P. 3a(1) and 4(b)(1)(A)(i).

**STATEMENT OF ISSUES**

I.   **DID THE DISTRICT COURT ERR IN NOT GIVING NOTICE TO APPELLANT ABOUT A PLANNED UPWARD DEPARTURE?**

II.  **DID THE DISTRICT COURT ABUSE ITS DISCRETION IN IMPOSING AN UPWARDS DEPARTURE TWICE THE UPPER GUIDELINE RANGE WITHOUT DETAILED JUSTIFICATION?**

III. **DID THE DISTRICT COURT ABUSE ITS DISCRETION IN INCLUDING MONEY SPENT BY THE ACTUAL ADOPTIVE PARENTS IN DETERMINING AMOUNT OF LOSS UNDER THE GUIDELINES?**

1

## STATEMENT OF THE CASE

On December 14, 2012 the Grand Jury for the U.S. District Court for the Eastern District of North Carolina, Western Division, returned a four count indictment against Appellant Bobbie Lynn Perez. (Apx. 8). Count One alleged that Appellant committed mail fraud in violation of 18 U.S.C. § 1341 in the execution of a scheme to defraud three sets of prospective parents who all expected to adopt Appellant's unborn child. Counts two, three and four alleged wire fraud pursuant to 18 U.S.C. § 1343 in furtherance of the same adoption scheme. (Apx. 8)

Specifically, in the Spring of 2010 Appellant was pregnant. Appellant communicated with three prospective adoptive parents and various adoption agencies regarding adoption of her baby. She accepted money from these families for living and medical expenses leading each of them to believe that they would be the ones adopting the baby. The child was born on May 2, 2010 and adopted by one of the three sets of prospective adoptive parents known in the case as "TM" and "SK." "TM" and "SK" wired to Appellant a total of $4,854.00. The other prospective adoptive parents who did not get the child, "RR" and "KE" wired amounts of $2,293.00 and $4,250.00 respectively. (Apx. 98)

On October 13, 2011 Appellant appeared before Magistrate Judge David W. Daniel and plead guilty to all four Counts of the Indictment without a written plea agreement. (Apx. 16 ) Appellant, through counsel, filed a Sentencing

Memorandum on March 23, 2012 urging that the $4,854.00 expended by "TM" and "SK" not be counted in determining the amount of loss for guideline purposes. (Apx. 48)

The parties appeared before Judge Flanagan for sentencing on April 2, 2012. The guideline range for each Count was 18-24 months based upon an offense level of 11 and a criminal history category of IV. Moreover, the defense asked that the $4,854.00 expended by "TM" and "SK" not be included in calculations for loss purposes. Had it been excluded, the loss would have been less than $10,000.00 and the total offense level would have been 9 with a guideline range of 12-18 months. That request was denied although that sum was not calculated in determining restitution. (Apx. 67)

The defense asked for a sentence within the guideline range of 18-24 months. (Apx. 68) The Court specifically asked the government if there was a motion for upward departure and the government said no. (Apx. 70) Indeed, the government asked only for 24 months. No notice was given to the defense that an upward departure would be requested. Despite this, the district court imposed an upward departure of 48 months, twice the upper guideline range. (Apx. 59) A timely notice of appeal was filed on June 16, 2010. (Apx. 96)

# STATEMENT OF FACTS

Appellant plead guilty to one Count of Mail Fraud pursuant to 18 U.S.C. § 1341 and three Counts of Wire Fraud pursuant to 18 U.S.C. § 1343. (App. 16) The guilty plea arose out of a scheme to defraud three sets of prospective adoptive parents, each of whom believed that they were going to adopt Appellant's unborn child. Appellant received money from each of the couples ostensibly for medical and living expenses. Appellant's guideline calculations were 18-24 months based upon an offense level of 11 and a criminal history score of IV. (Apx. 98) The government did not make a motion for or seek an upward departure and the defense was not given notice that the Court was considering an upward departure. (Apx. 68) Nevertheless the Court imposed an upward departure to 48 months on each count, twice the guideline range. Further, the defense contended that money given to Appellant by the adoptive parents who ended up with the child should not be included in the calculation of loss for guideline purposes. This interpretation of the guidelines was denied. (Apx. 59)

# SUMMARY OF ARGUMENT

Appellant Bobbie Perez submits that failure of the District Court to give notice that it intended to depart upwards deprived Appellant of her Fifth Amendment constitutional rights to due process of law. Appellant further submits that the 48 month sentence is greater than necessary, unreasonable, and conflicts

with the goals of sentencing. Finally Appellant submits that the money she received from "TM" and "SK" should not have been calculated as part of the loss for guidelines purposes as they actually adopted the baby and were not defrauded and therefore her guidelines should have been Criminal History 9, Criminal Category IV, guideline range 12-18 months, not 18-24 months.

## ARGUMENT

## I. THE DISTRICT COURT ERRED IN NOT GIVING NOTICE TO APPELLANT ABOUT A PLANNED UPWARD DEPARTURE

### A. Standard of Review

"In reviewing any sentence, "whether inside, just outside, or significantly outside the Guidelines range," we apply a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). We first "ensure that the district court committed no significant procedural error." *Id.* at 51. "If, and only if, we find the sentence procedurally reasonable can we 'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *United States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009) (quoting *Gall*, 552 U.S. at 51)." *United States v. Savillon-Matute*, 636 F.3d 119, 122 (4th Cir. 2011).

Appellant preserved the objection to lack of notice because after the trial court announced its upward departure the court stated: "So, I recognize this is over the objection of the defendant. And I'll turn and explain to her how she may

appeal." (Apx. 86)  In addition, defense counsel requested a sentence within the guideline range. (Apx. 70) Therefore the standard of review is abuse of discretion rather than plain error.

### B.    Argument

"A defendant is entitled to reasonable notice of a possible upward departure or variance sentence and of any ground on which it may be based. *See Burns v. United States*, 501 U.S. 129, 135 (1991); and Fed. R. Crim. P. 32(h) (codifying *Burns* holding)…there is a separate and distinct requirement that the district court give notice that it is considering a departure or variance sentence and allow the defendant to present argument(s) prior to the imposition of sentence. *United States v. Fancher*, 513 F.3d 424, 427 (4th Cir. 2008)." *Fourth Circuit Criminal Handbook*, Carl Horn, 2011 Ed., pg. 583.

*Fancher* is on point to this case. *Fancher* was a child pornography case where the guideline range was 180-210 months. The government did not move for nor request an upward departure. Yet the district court imposed a sentence of 480 months because of the defendant's significant history of sexual abuse of children, because the defendant continued his behavior while incarcerated and because the court did not think that the defendant could be rehabilitated. In remanding the case for re-sentencing the Fourth Circuit stated: "In this case, as noted above, the PSR did state that given Fancher's criminal record, the nature of the offense, and the

need to protect the public, a non-Guidelines [**11] sentence might be warranted. Although an argument perhaps could be made to the contrary, we assume that the notice in the PSR was sufficient to comply with the notice requirements of Rule 32(h). In this circuit, however, we have held that Rule 32's more general requirement that the attorneys have an opportunity to comment on matters relevant to the sentence can require notice beyond that required by *Burns* and Rule 32(h)." *Fancher*, at 428.

USCS Fed Rules Crim Proc R 32(h) specifically states that:

> "(h) Notice of Possible Departure From Sentencing Guidelines. Before the court may depart from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission, the court must give the parties reasonable notice that it is contemplating such a departure. The notice must specify any ground on which the court is contemplating a departure."

The Supreme Court stated its position in *Burns v. United States*, 501 U.S. 129, 135 (1991): "As we have set forth, Rule 32 contemplates full adversary testing of the issues relevant to a Guidelines sentence and mandates that the parties be given "an opportunity to comment upon the probation officer's determination and on other matters relating to the appropriate sentence." Fed. Rule Crim. Proc. 32(a)(1). Obviously, whether a sua sponte departure from the Guidelines would be legally and factually warranted is a "matter relating to the appropriate sentence." In our view, it makes no sense to impute to Congress an intent that a defendant have

the right to comment on the appropriateness of a *sua sponte* departure but not the [*136] right to be notified that the court is contemplating such a ruling."

No notice was given to the defense that an upward departure was being considered in this case. Indeed, the government specifically said that it had not made a motion for an upward departure. (Apx. 70) and the government did not seek an upward departure. The defense was clearly taken by surprise as their sentencing allocution did not address those factors addressed by the judge in factoring why there should be an upward departure. Nor was the defense allowed to argue after the Judge announced her upwards departure. (Apx. 69-70)

The PSR did states that "The defendant's actions caused severe emotional trauma to the families who believed they were adopting her child. Therefore, an upward departure may be warranted in this case." (Apx. 98) However, in accordance with *Fancher* comments made in a PSR constitute insufficient notice.

## II. THE DISTRICT COURT ABUSED ITS DISCRETION IN IMPOSING AN UPWARDS DEPARTURE TWICE THE UPPER GUIDELINE RANGE WITHOUT DETAILED JUSTIFICATION.

### A. Standard of Review

This Court reviews a district court's ultimate sentencing decision for substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 128 S. Ct. 586, 594 (2007). The Court reviews a sentence for substantive reasonableness under an abuse-of-discretion standard. *Id.*, 128 S. Ct. at 597; *see also United States v.*

*Layton*, 564 F.3d 330, 335 (4ᵗʰ Cir. 2009), *cert. denied*, 2009 U.S. LEXIS 6486.  In

*United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Supreme Court

held that the mandatory guideline system was unconstitutional, *Id.* at 233, 236,

242, and excised a portion of the statute that created the Guidelines, thereby

making "the Guidelines effectively advisory."  *Id.* at 245.  As a consequence, the

federal sentencing statute still "requires a sentencing court to consider Guidelines

ranges," but "permits the court to tailor the sentence in light of other statutory

concerns as well," most specifically the sentencing mandate as put forth by 18

U.S.C. § 3553(a). *Id.* at 245-46.

### B.    Argument

The Sentencing Guidelines specify that an upward departure is warranted

when "reliable information indicates that the defendant's criminal history category

substantially under-represents the seriousness of the defendant's criminal history of

the likelihood that the defendant will commit other crimes." U.S.S.G. section

4A1.3.   "The requirement that dramatic departures require more extensive

justification…arises from "the need to avoid unwarranted sentence disparities

among defendants with similar records who have been found guilty of similar

conduct. *United States v. Eura*, 440 F.3d 625 (4ᵗʰ Cir. 2006) quoting U.S.S.G.

3553(a)(6))." *U.S. v. Dalton*, 477 F.3d 195, 199 (4ᵗʰ Cir. 2007)

In *Dalton*, the district court's explanation for an upwards departure was held insufficient when the only remarks made were that a "continuing pattern of criminal behavior [that] reflects a high probability of recidivism" and that Dalton "would pose a serious risk to the community" if the instant offense were "not adequately addressed." *Dalton* at 199.

Here, the district court's comments were equally cryptic: "At least two of the three families expecting to adopt your child suffered significant emotional trauma when they discovered that they had been defrauded monetarily and emotionally and would not be adopting a child.

As a result, the established offense level could well be said to substantially understate the seriousness of the offense and warrant an upward departure the requisite number of levels to reach the sentence of 48 months." (Apx. 85)

The overriding principle and basic mandate of 18 U.S.C. § 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary," and to comply with the four express purposes of sentencing. That mandate is not just another factor to be considered along with the others set forth in the statute. Instead, it sets an independent limit on the sentence a court may impose. *See United States v. Collington*, 461 F.3d 805, 813 (6th Cir. 2006). Imposition of a sentence that is greater than necessary to meet those purposes is reversible. *Id*. The four express purposes of sentencing are: (1) retribution, (2) deterrence, (3) incapacitation, and

(4) rehabilitation but no greater.   A sentence of 24 months would significantly punish appellant for what is, after all, a non-violent crime. The Court recommended that while appellant is incarcerated she receive intensive substance abuse treatment, vocational training and mental health treatment. (Apx. 69-70) All of these goals can be accomplished in 24 months.  Therefore, the four purposes are sufficiently met with a sentence of 24 months.

But beyond the conclusion that a lower sentence would have been sufficient, appellant notes that the sentence of 48 months is greater than necessary and reversible under the particular circumstances of this case. Appellant has a significant history of substance abuse and her trial counsel stated at sentencing that her record seemed directly related to substance abuse. Defense counsel stated that Appellant started doing crack cocaine at an early age. The recently enacted sentencing guidelines state that while drug or alcohol dependence is ordinarily not a reason for a downward departure, drug or alcohol addiction "may be relevant in determining whether a departure is warranted." U.S.S.G. § 5H1.4 In this case, both drug addiction and alcohol addiction were present.  Appellant's addictions undoubtedly were a major cause for her participation in this crime. Although not seeking a downward departure, the District Court could have considered this history in not imposing a draconian upwards departure.

Under the sentencing guidelines "Mental and emotional conditions may be relevant whether a departure is warranted…" U.S.S.G. § 5H1.3 Although mental health treatment was ordered by the District Court, there is no indication that Appellant's mental health condition was considered by the Court in actual sentencing. (Apx. 60) At a re-sentencing appellant's mental state should be taken into consideration as a sentencing factor under § 5H1.3

In imposing the upwards departure the District Court made no mention of Appellant's history of substance abuse, alcohol abuse and need for mental health treatment. Rather, the District Court. (Apx. 85)

The other factors to be considered under 18 U.S.C. § 3553(a) were dealt with by the district court in cursory fashion.

## III. MONEY RECEIVED FROM THE ADOPTIVE PARENTS SHOULD NOT HAVE BEEN INCLUDED IN THE LOSS CALCULATION FOR GUIDELINE PURPOSES

### A.     Standard of Review

The Court reviews a sentence for substantive reasonableness under an abuse-of-discretion standard as stated above.

### B.     Argument

The amount received from the adoptive parents, "TM" and "SK" should not have been included in the calculations for guideline purposes as they actually adopted the baby and were not defrauded. If the $4,854.00 that they sent to

Appellant was not counted, her guidelines should have been Criminal History 9, Criminal Category IV, guideline range 12-18 months rather than 18-24 months. The adoptive parents each executed affidavits stating that they were not defrauded. (Apx. 53, 56) Further as they acknowledged in said affidavits, they suffered no financial loss and did not seek restitution. (Apx. 53, 56).

U.S.S.G. § 2B1.1(b)(1) provides for the offense level based upon the amount of the loss. Here, the loss was calculated at more than $10,000.00 but less than $30,000.00 so four levels were added rather than two. Application Note 3(A)(i) defines "actual loss" as the "reasonably foreseeable pecuniary harm that resulted from the offense." Application Note 3(A)(iii) defines "pecuniary harm" as harm "…that is money. Accordingly, pecuniary harm does not include emotional distress, harm to reputation, or other non-economic harm." There was no reasonably foreseeable pecuniary harm to the adoptive parents because they got what they spent money for: a new baby.

## CONCLUSION

For the foregoing reasons, appellant Bobbie Lynn Perez asks the Court to find that her sentence of 48 months of incarceration is greater than necessary, substantively unreasonable, and reversible and that she was not given proper notice that an upward departure was being considered by the district court. She asks the Court to find that money expended by the adoptive parents who adopted the child

not be considered for loss calculation and that her guidelines be offense level 9,

criminal history category IV.

## STATEMENT AS TO ORAL ARGUMENT

Appellant Bobbie Lynn Perez respectfully requests oral argument in this

case.

Respectfully Submitted,
BOBBIE LYNN PEREZ

BY: /s/ Jane Carol Norman
         Counsel

Jane Carol Norman, Esq.
Bond & Norman
777 6th St. NW #410
Washington, DC 20001
(202) 423-3863
Facsimile: (202) 207-1041
Jnorman425@aol.com

Counsel for Appellant Bobbie Lynn Perez

# CERTIFICATE OF COMPLIANCE

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*2,994*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[    ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

[    ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated: August 16, 2012        /s/ Jane C. Norman
                                         *Counsel for Appellant*

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on this 16th day of August, 2012, I caused this Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Jennifer P. May-Parker
> Office of the U.S. Attorney
> 310 New Bern Avenue, Suite 800
> Raleigh, North Carolina 27601
> (919) 856-4530
>
> *Counsel for Appellee*

I further certify that on this 16th day of August, 2012, I caused the required copies of the Brief of Appellant and Joint Appendix to be hand filed with the Clerk of the Court and a copy of the Joint Appendix to be served, via UPS Ground Transportation, upon counsel for the Appellee, at the above address.

/s/ Jane C. Norman
*Counsel for Appellant*